### S. C. SAYRES, ET AL., v. E. F. GREEN.

**Fraud to Prevent Redemption of Land—Recovery of Land.**

   Where the holder of a sheriff's certificate for a deed enters into a fraudulent combination, by which he and a friend are to prevent the owner from redeeming the land by the friend's offering to loan the owner the money with which to do so, and thereby lulling him into a sense of security, and after it is too late to secure the money elsewhere refuses to make the loan, a court of equity, upon a proper showing, will decree the recovery of the land in favor of the person thus defrauded upon equitable principles, even after the holder of the sheriff's certificate has secured his deed.

APPEAL FROM KENTON CIRCUIT COURT.

May 29, 1878.

OPINION BY JUDGE ELLIOTT:

About 80 acres of Sayres's land was levied on by an execution in favor of Holden's estate, and purchased by Mary Holden, the

57

plaintiff in the execution, who afterward transferred her bid to the appellee, he having bought her interest in the land.

The price bid for the land was $2,176, which was less than two-thirds of its appraised value, but Sayres failing to redeem within the year a deed was made to appellee by the sheriff, and this action was brought for the recovery of the land.

Appellant, Sayres, by his answer set up his discharge in bankruptcy, by which his title has been transferred to the appellant, Lewis. Lewis answered and alleged that on the 2nd day of April, 1874, Sayres was adjudged a bankrupt, and that he had been duly appointed his assignee. He also charged a fraudulent combination between the appellee and Hayden Kendall to prevent Sayres from redeeming the land. To his answer a demurrer was sustained and Lewis obtained leave to file an amended answer, which he tendered in court and offered to file, but which, on appellee's motion, was refused, and he excepted and has brought the case here on appeal.

The amended answer charges that the Sayres's tract of land did not, at the sale under the Holden execution, bring a third of its value, and Sayres, having a right to redeem it, applied to Hayden Kendall to loan him the money for its redemption, and Kendall promised to do so; but that before the year was out or he needed the money the appellee entered into a fraudulent combination by which Kendall was to promise to make Sayres believe that he would loan him the money to redeem the land, and lull him into security in this way up to a period when it would be too late for Sayres to get the money elsewhere, and then to refuse to comply with his promise, and in this way place the land beyond redemption; and for this fraudulent conduct Kendall was to have one-half of the land bought under the Holden execution.

He says in his answer that this fraudulent combination was carried out to the letter by Kendall assuring Sayres, and by his promises inducing him to believe that he need not look elsewhere for the money to redeem the land, for all that he had to do was to come to him and he should have the money; and these fraudulent promises and deceitful assurances were held out to Sayres up to a time when it was too late for him to get the money to redeem the land elsewhere, and then Kendall refused to let him have the money; and it turned out that the promises he had been making him of the loan of the money were in pursuance of a fraudulent agreement made between Kendall and the appellee in order to lull Sayres and prevent him from raising the funds to redeem the land

in dispute, and Kendall was to have one-half the land for his fraud-
ulent conduct and false promises to Sayres, by which he prevented
him from redeeming the land and secured the title to the appellee.
The only question in this case is whether such a combination thus
carried out is beyond the reach of the law, or whether, being lulled
or deceived by the fraudulent conduct of Kendall under a fraudulent
agreement between Kendall and appellee to prevent his redeeming
his land, he or his assignee has not yet a right to redeem it by the
payment of the amount bid with interest and cost as required by
the statute.

"Fraud in contemplation of a court of equity includes all acts,
omissions and concealments which involve a breach of legal or
equitable duty, trust or confidence justly reposed, injurious to an-
other by which an undue or unconscientious advantage is taken of
another." Kerr on Fraud, p. 42.

"There is a fraudulent intent if a man, either with a view of
benefitting himself or misleading another into a course of action
which is injurious to him, makes a representation which he knows
to be false or does not believe to be true. It is necessary that the
misrepresentation should have been made in relation to the trans-
action in question, and with the direct intent to induce the party to
whom it is made to act in that way that causes the injury." Kerr
on Frauds, p. 93.

In *Ellis v. Kelly,* 8 Bush 621, this court said: "It is an old and
familiar rule in equity that if one individual makes a misrepresenta-
tion to another in a matter of interest, knowing it at the time to be
untrue, and the one to whom it is made confides in and acts upon
it, the one guilty of the misrepresentation shall make good the injury
which results to the party deceived."

If the answer tendered by Lewis be true, there can be no doubt
but that Kendall, with a view of benefitting himself and of mislead-
ing Sayres, kept up in Sayres's mind by false promises the belief
that he would let him have the money to redeem the land sold under
Holden's execution until the year ran out; and when it was too late
to raise the money elsewhere, and according to the answer there can
be as little doubt that these false and fraudulent promises were
made to lull Sayres into security till it should be too late to redeem
his land, and that as compensation for his fraudulent conduct Ken-
dall was to receive one-half of the eighty acres of land that had
been sold on Holden's fi. fa. at about one-fourth of its value.

We are of opinion that if appellee and Kendall did enter into the

combination and co-partnership set up in Lewis's amended answer, by which for their joint benefit Kendall was to fraudulently delude Sayres into the belief that he would at the end of the year let him have the money to redeem the land in dispute with no design of doing so, and being hired at the time by appellee not to do so, but to pretend that he would, and if, confiding in these assurances and promises, Sayres waited till the expiration of the year, when he learned for the first time and when it was too late to make other arrangements that Kendall never intended to fulfill his promises, but that they were delusive, then and in that case appellee ought not, in good conscience, to keep the land of Sayres that he purchased at one-fourth of its value and afterward fraudulently prevented the owner from redeeming.

In such a case the cause should be transferred to equity and Sayres's assignee should be allowed to redeem on equitable principles by paying the appellee's bid, interest, etc., as required by the statute.

The land sought to be recovered in this suit is sufficiently described by appellee in his petition at law for its recovery.

Wherefore the judgment is *reversed* and cause remanded with directions to permit appellant, Lewis, to file his amended answer, and for further proceedings consistent with this opinion.

*McKee & Finnell, J. M. Collins, for appellants.*

*Stevenson & O'Hara, for appellee.*